Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| YESH MUSIC, LLC, | Case No.: 22-cv-5244 |
| Plaintiff, | **ECF CASE** |
| v. | **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| TINGER ATV OF NORTH AMERICA LLC, | |
| Defendant. | |

---------------------------------------------------------------x

Plaintiff YESH MUSIC, LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant TINGER ATV OF NORTH AMERICA LLC for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

1.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2. Plaintiff is the sole owner of the copyrighted recording and composition "*Strings*" – U.S. Copyright Registration No. SR 708-487.

3. At bar, defendant is nondomiciliary headquartered at 1143 Oglethorpe Ave NE, Brookhaven, GA, 30319, USA

4. Defendant, without license or authority copied, distributed, publicly displayed, and synchronized the Copyrighted Track.

5. These are torts committed outside the state.

6. Defendant was put on notice of its infringing activity multiple times. First by YouTube, then by plaintiff, and finally by plaintiff's counsel.

7. Defendant elected to continue to infringe after each notice.

8. In fact, the infringing advertisement at issue is still active on defendant's YouTube page.

9. Defendant was put on notice from plaintiff and plaintiff's counsel that its infringing activity was having consequences in this state.

10. Defendant elected to continue to infringe after each notice, knowing its action would have consequences in this state.

11. The Copyrighted Track at issue here was used by defendant to promote its services, and overall company.

12. Defendant is a national company and generates substantially all of its revenue from interstate or international commerce.

13. Defendant also regularly does or solicits business, or engage in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

14. Jurisdiction is conferred over defendant pursuant to CPLR §§ 302(3)(i) and (ii).

## VENUE

15. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District, and venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(3). .

## DUE PROCESS

16. There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.

17. Defendant frequently contracts with companies in this Judicial District such that it reasonably knows it may be haled into this forum.

## PARTIES

18. Plaintiff YESH MUSIC, LLC is a New York limited liability company with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

19. Upon information and belief, defendant TINGER ATV OF NORTH AMERICA LLC ("TINGER") is a limited liability company organized under the laws of Georgia with a primary headquarters located at 1143 Oglethorpe Ave NE, Brookhaven, GA, 30319. Defendant may be served through its registered agent Lee Kelly Cook, 1143 Oglethorpe Ave NE, Brookhaven, GA, 30319.

## FACTS

20. Plaintiff is the sole owner of the copyrighted recording and composition titled "*Strings*" – U.S. Copyright Registration No. SR 708-487 (the "Copyrighted Track").

21. The two, and only, members of plaintiff are the sole authors of the Copyrighted Track.

22. Defendant, without license or authority, copied, publicly performed, and synchronized the Copyrighted Track to an infringing video titled "Tinger trailer installation of optional extras" (the "Infringing Advertisement").

23. Defendant, without license or authority, distributed a reproduction of the Infringing Video to YouTube where it was, and is, publicly displayed on defendant's YouTube page located at <https://www.youtube.com/watch?v=4neMyKmkAps>.

24. At no time did defendant have a license to dopy, synchronize, distribute, or publicly display the Copyrighted Track.

25. Defendant was informed of the fact that there was no license by email from my plaintiff dated September 15, 2021. See **Exhibit 2**.

26. Defendant elected to continue to infringe.

27. On Mat 25, 2022, plaintiff, through counsel, demanded defendant cease-and-desist from any further use of the Copyrighted Track. See **Exhibit 3**.

28. Again, defendant elected to continue to infringe.

29. Defendant infringed plaintiff's exclusive rights as set forth in Section 106 of the Act, directly and indirectly, and its knowledge of the infringement and failure to comply with multiple notices entitles plaintiff to an enhanced statutory damage award as set forth in Section 504(c) of the Act.

30. Defendant's conduct demonstrates the callous disregard defendant has for its legal responsibilities, and only an award at the top of the statutory scale will serve to stop defendant from routinely violating the Copyright Act.

31. Defendant removed all copyright management information ("CMI") from the Copyrighted Track prior to its unlicensed distribution and public display. Specifically, the Infringing Advertisement omits the Copyrighted Track's title, album name, author, label, and copyright owner.

32. Defendant's removal and/or failure to include any copyright management information after notice is a violation of 17 U.S.C. § 1202 – the DMCA. Defendant's continued public commercial exploitation of the Copyrighted Track after multiple notices with no CMI is a further violation of Section 102. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus its reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

33. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

34. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

35. Defendant without authority from plaintiff, reproduced, publicly displayed, distributed, and/or synchronized plaintiff's Copyrighted Track in its entirety.

36. Defendant created and displayed the Infringing Advertisement for the sole purpose of commercial gain.

37. Defendant refused to cease and desist after multiple demands from plaintiff, directly and through counsel.

38. Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

39. Defendant's use was not transformative.

40. Defendant elected to reproduce, synchronize, and/or distribute plaintiff's Copyrighted Track, using the entirety of the track, without a license.

41. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201, et seq.

42. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

43. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with copyright management information including the title, author, label, and copyright owner.

44. Defendant could not have obtained a copy of the master recording for the Copyrighted Track without this information.

45. Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the Infringing use at issue here.

46. A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

47. Defendant's Infringing Advertisement is synchronized to a very high-resolution copy of the Copyrighted Track. This high-resolution version cannot be obtained without copyright management information being included.

48. Defendant removed plaintiff's copyright management information, and copied, synchronized, publicly displayed, and/or distributed the Copyrighted Track.

49. Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

50. Defendant continued to publicly display the Infringing Advertisement with no attribution after YouTube, plaintiff, and plaintiff's counsel separately informed defendant that it was infringing plaintiff's rights to the Copyrighted Track.

51. Defendant violated the DMCA each time it wrongfully distributed the Infringing Advertisement and through its continued public display of the Infringing Advertisement after multiple notices.

52. Defendant did the forgoing with the intent to conceal the infringement.

53. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all

        penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: September 2, 2022                  **GARBARINI FITZGERALD P.C.**
New York, New York

                                                    By: *[signature]*
                                                         Richard M. Garbarini (RG 5496)